

UNITED STATES DISTRICT COURT *IN CLERKS FILED* ~~OFFICE~~
FOR THE DISTRICT OF MASSACHUSETTS

*2007 AUG -3  A II: 09*

PETER AND KATHERINE VONBANK
　　　　　　Plaintiff

v.

JEFFREY AND RENAE SERSLAND, DAVID GILL,
MEDICAL UNIVERSITY OF THE AMERICAS,
BELIZE, LP, MED QUEST TECHNOLOGIES, LP,
TRUSTEE, SERSLAND SETTLEMENT TRUST,
MEDICAL UNIVERSITY OF THE AMERICAS
BELIZE, LLC f/k/a MEDQUEST TECHNOLOGIES, LLC)
and NORMAN HANS RECHSTEINER, MD
　　　　　　Defendants

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

Civil Action No.:

**07-40205FDS**

## VERIFIED COMPLAINT AND JURY DEMAND

1.　　This is a Verified Complaint and Jury Demand brought by Peter and

Kathy Von Bank ("the Von Banks") residents of Shakopee, Minnesota against three

business entities and three individuals who conspired to defraud them of $1.8 million

over a two-year period. The fraud was carried out initially by Jeffrey and his wife Renae

Sersland, who induced the Plaintiffs to loan them money, ostensibly to run a for-profit

medical school located in Belize owned by Medical University of Americas, Belize, LP,

in which they had an ownership interest. Soon after the Plaintiffs completed their series

of loans and accepted a Promissory Note, the Serslands, without notice to the Von Banks,

conveyed substantially all of their personal assets to a trust, and substantially all of the

corporation's assets to a third-party corporation. The third-party corporation was owned

an operated equally by the Serslands and another defendant, Norman Hans Rechsteiner,

MD ("Rechsteiner"). Earlier in 2007, the Serslands conveyed their ownership interest in

the third-party corporation to David Gill, Ph.D. ("Gill"), and then the third-party

corporation changed its name to Medical University of Americas Belize, LLC.

SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8/7/07

intentionally and substantially similar to Medical University of the Americas, Belize, LP, the entity that secured the Von Banks investment in the first place. The Verified Complaint seeks relief against the Serslands for breach of a promissory note. It also seeks direct relief and derivative relief on behalf of the corporation for conspiracy, breach of fiduciary duty and breach of duty of loyalty against directors and officers Jeffrey and Renae Sersland, and against Rechsteiner and Gill, who were responsible for the day-to-day operation of the business. Finally, the Verified Complaint seeks relief against Med Quest Technologies, LP, as Trustee of Sersland Settlement Trust, as recipient of a fraudulent transfer of the Serslands' personal assets, and Medquest Technologies, LLC, as the recipient of a fraudulent transfer of Medical University of the Americas, Belize, LP's corporate assets.

## **PARTIES**

2.      The Plaintiff, Peter Von Bank ("P. Von Bank") is a resident of Shakopee, Minnesota and is of legal age and capacity.

3.      The Plaintiff, Katherine Von Bank ("K. Von Bank") is a resident of Shakopee, Minnesota and is of legal age and capacity. P. Von Bank and K. Von Bank will be referred to collectively as "the Von Banks."

4.      The Defendant, Medical University of the Americas-Belize, LP, ("MUA-Belize") is a limited partnership formed under the Laws of Belize, and has offices in at 62 Cleghorn Street, Belize City, Belize and at 22 Cross Street, Gardner, Worcester County, Massachusetts. MUA-Belize is in the business of the ownership and operation of a for-profit medical school in Belize.

5.     The Defendant, Jeffrey Sersland, ("J. Sersland") is, a resident of 47
Partridge Street, Gardner, Worcester County, Massachusetts and is of legal age and
capacity.

6.     The Defendant, Renae Sersland ("R. Sersland") is on information and
belief a resident of Gardner, Worcester County, Massachusetts and is of legal age and
capacity. J. Sersland and R. Sersland will be referred to collectively as "the Serslands."

7.     The Defendant, David Gill ("Gill") is a resident of 52 Morgan Road,
Hubbardston, Worcester County, Massachusetts.

8.     The Defendant, Medical University of the Americas Belize, LLC f/k/a
Medquest Technologies, LLC ("MUAB") is a limited liability company organized under
the laws of Wisconsin, with offices in Gardner, Worcester County, Massachusetts.

9.     The Defendant, Med Quest Technologies, LP ("MQT") is a corporation
organized under the laws of Belize, but doing business in Gardner, Worcester County,
Massachusetts.

10.    The Defendant, Rechsteiner, is an individual above the age of majority
who is a resident of Spooner, Wisconsin.

## **JURISDICTION**

11.    This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §
1332 because of the diversity of citizenship of the Parties and the amount in controversy
exceeds the jurisdictional limit.

12.    This Court has personal jurisdiction and venue over the Defendants
because they reside in, have a usual place of business within, or transact business in, the
Commonwealth of Massachusetts.

## FACTS

### THE LOAN TO THE SERSLANDS

13.     In April of 2003, the Serslands and David Fredrick, Ph.D. ("Fredrick")
organized MUA-Belize as a company chartered under the Laws of Belize pursuant to its
Articles of Association. Fredrick was issued 50 percent of the outstanding shares of
MUA-Belize, and the Serslands were issued the remaining 50 percent. The purpose of the
business was to own and operate a for-profit medical school in Belize.

14.     Prior to the involvement of the Von Banks, the Serslands conveyed 10
percent of their shares in MUA-Belize to Timothy Jeffers.

15.     Beginning in mid-2004 and continuing through 2005, the Von Banks
loaned the Serslands a total of $1.8 million. The loan was memorialized by a Promissory
Note, signed by the Serslands, dated October 27, 2005 in the amount of $1.8 million
("Note").

16.     The Note was due and payable on or before six months after the date of
execution, which Plaintiff calculates to be April 27, 2006.

17     To date, no payments have been made by the Serslands on the Note,
except for checks that were provided and were dishonored by the Sersland's bank, and no
payments were received by the Von Banks on the Note.

18.     The Serslands told the Von Banks that the purpose of the loans was to
assist the Serslands in operating the school owned by MUA-Belize. The proceeds of the
loan were not used exclusively to develop MUA-Belize, but also to satisfy obligations of
the Serslands pertaining to personal debt and funding other interests and ventures.

19. On June 1, 2004, the Serslands created the Sersland Trust Settlement, in which they conveyed virtually all of the Serslands' assets, without consideration, to a revocable trust. The trustee is Med Quest Technologies, Ltd., a limited liability company created under the laws of Belize. On information and belief, the Serslands and close family members are the sole beneficiaries.

## THE SERSLANDS' COMPLETED ASSIGNMENT OF SHARES IN MUA-BELIZE AND ADDITIONAL ASSIGNMENT AS SECURITY

20. As an incentive for the loan from the Von Banks to the Serslands, the Serslands assigned the Von Banks a vested interest in 20 percent of their shares in MUA-Belize in 2005, subject to rescission in the event the loans were repaid. The ownership of the 20 shares is registered with the government of Belize. The Von Banks also purchased 15 percent of the shares in MUA-Belize from third parties Greg Bowman and Will Bernhagen.

21. As a result of the conveyances referenced in paragraphs 13, 14 and 20, Fredrick owns or controls 50 percent of the outstanding shares of MUA-Belize, the Von Banks own or control 35 percent of the outstanding shares of MUA-Belize, Jeffers owns or controls 10 percent and the Serslands own or control 5 percent.

## THE SERSLANDS' AND RECHSTEINER'S FORMATION OF NEW COMPANY TO PLACE ASSETS OF MUA-BELIZE OUT OF REACH OF CREDITORS

22. According to information published in both Business North, a newspaper devoted to the coverage of business issues involving the area of Northern Wisconsin and Northern Minnesota, and the Spooner Advocate, a newspaper based in Spooner, Wisconsin, ("Newspaper Accounts") the Serslands joined with a new partner, Rechsteiner in late 2005 to form Medquest Technologies, LLC. The Serslands then

conveyed substantially all of MUA-Belize's assets (or sold its stock) to Medical

Technologies, LLC, without notice to, or consent of, its shareholders (other than the

Serslands themselves), as required by the Articles of Association of MUA-Belize. MUA-

Belize received no disclosed consideration for the sale of all of its assets or stock. In

2006, Medquest Technologies, LLC changed its name to Medical University of the

Americas, Belize, LLC, a name intentionally confusing with MUA-Belize.

23.     Rechsteiner formed Medical Technologies, LLC for the express purpose

of consuming the assets of MUA-Belize, without paying consideration to MUA-Belize,

with the knowledge that Sersland did not have authority to convey the assets without

notice, consent and authority of the shareholders. Rechsteiner was on such notice

because both the restriction on extraordinary business without a super-majority vote of

shareholders, and the fact of the Von Banks' and Jeffers' ownership, is recorded as public

record with the government of Belize.

## GILL BEGINS OPERATION OF SCHOOL AND CHANGES NAME OF CORPORATE OWNER BACK TO MUA-BELIZE

24.     In late 2006, MUAB hired Gill as Chief Operating Officer at MUA-

Belize. By July of 2007, however, fewer than 10 students were enrolled on campus in

any graduating class at MUA-Belize, payroll was not being met and students complained

that they could not obtain their transcripts and telephone calls were not being returned.

25.     According to Newspaper Accounts, Gill purchased the Serslands's 50

percent interest in MUAB in 2007.

26.     In fact, Gill admitted to the Plaintiffs on July 18, 2007, in writing, that he

assumed day to day control of the business of MUA-Belize, and that multiple unresolved

claims had been filed against MUA-Belize. A true and accurate copy of Gill's letter of July 18, 2007 is attached as Exhibit A.

## DEMAND FOR EXTRAORDINARY MEETING OF CORPORATION

27.     On April 11, 2007, the Plaintiffs and Fredrick noticed an Extraordinary General Meeting of MUA-Belize, pursuant to the terms of its Articles of Association and the corporate laws of Belize. The Serslands, Gill, and Rechsteiner were provided notice by certified mail and by first-class mail.

28.     The notice also provided the recipients evidence of Fredrick's claim to 50 percent of his ownership interest – by including a copy of his uncancelled shares – and of the Von Bank's registered stock ownership and their Promissory Note.

29.     None of the Defendants, or the corporate agent, responded to the notice or attended the meeting.

30.     None of the Defendants responded to the Plaintiff's demands to review the books and records of the corporation, or to explain the position of the business, consistent with past derelictions of duty to the Von Banks.

31.     At the meeting, the majority shareholders of MUA-Belize voted to terminate the Board and hired a new Board, consisting of K. Von Bank, Fredrick and Timothy Jeffers ("New Board"). The New Board demanded that the Old Board turn over the books and records of the corporation, and turn over operation of the business to them.

32.     The Plaintiffs' demands were completely ignored, and until Gill's July 18, 2007 letter, which acknowledged the Von Banks' claims but feigned ignorance with respect to their equity position, they were not even answered.

## GILL'S ADMISSIONS, AND THREAT THAT IF THE PLAINTIFFS TOOK ACTION TO ENFORCE THEIR RIGHTS, THEY WOULD LIKELY NEVER SEE THEIR MONEY

33.     Three months after the plaintiffs put Gill on notice of their claim to 35 percent of the shares in MUA-Belize, Gill responded, in writing, that neither they nor Fredrick provided evidence of their ownership claims, despite the fact that the Von Banks shares are on record with the corporation, and Fredrick provided Gill with copies of his original shares. Gill drew no distinction between MUA-Belize and MUAB.

34.     In fact, Gill warned the Von Banks that any "precipitous action" on her part would destabilize the business, "effectively mooting any prospect of its stabilizing and prospering – and with it the most likely potential source of satisfaction of her claim." The claim to which Gill referred was the demand on the Note, which Gill recognized as supportable.

35.     Gill also wrote, "As a post script – perhaps to be filed under the "Be Careful What You Wish For" heading, I would observe that your client's assertion of a management responsibility position on the enterprise would appear to catapult directly into the 'crosshairs' of any other aggrieved party (and I understand their to be several) seeking satisfaction of an unresolved claim against the enterprise."

36.     Gill did not provide the Von Banks with an opportunity to review the books and records of the corporation so they could verify any of his factual assertions, despite the fact that the Articles of Association of the corporation provided the Von Banks with the right to do so.

37.     The Von Banks interpret Gill's refusal to provide them with a copy of the books and records and attempts to discourage "precipitous action" as barely-veiled threat,

that if they attempted to assert their rights on the Note or question the operation of the enterprise, their attempts will imperil their only chance of being repaid.

## DEMAND

38.     The Plaintiffs have made formal demand upon the General Partner to address their complaints that he has engaged in a breach of fiduciary duty to them, and a breach of duty of loyalty and fairness to MUA-Belize, by diverting loan proceeds in part for his own use and enjoyment and other businesses, where the loans were provided to benefit MUA-Belize. The formal demand came in the form of a Notice of Extraordinary Meeting, which the Defendants did not attend.

39.     Any further or more detailed demand would be futile, since neither the Serslands, no any other Defendant, attended the meeting. The Von Banks had previously made formal demand upon Serslands to repay their loan proceeds and to show them where their money was invested.

## COUNT I
## v. the Serslands Individually
## BREACH OF CONTRACT (PROMISSORY NOTE)

40.     The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39 as if specifically set forth herein.

41.     Pursuant to the terms of the Promissory Note, the Serslands owe the Von Banks $1.8 million.

42.     The debt remains due and owing, as no payments have been made to date.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award damages in their favor and against the Defendants Jeffrey and Renae Sersland, in the amount of $1.8 million for Breach of Contract.

## COUNT II
## v. the Serslands Individually
## FOR MONEYS DUE AND OWING

43.    The Plaintiffs repeat and incorporate by reference the allegations of

Paragraphs 1-39 and 41-42 as if specifically set forth herein.

44.    The Serslands owe the Von Banks $1.8 million for moneys had and

received

45.    The debt remains due and owing, as no payments have been made to date.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request

this Court award damages in their favor and against the Defendants Jeffrey and Renae

Sersland, in the amount of $1.8 million for moneys due and owing.

## COUNT III
## v. the Serslands
## Derivatively and Directly
## BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

46.    The Plaintiffs repeat and incorporate by reference the allegations of

Paragraphs 1-39, 41-42 and 44-45 as if specifically set forth herein.

47.    The Serslands owe MUA-Belize a fiduciary duty and a duty of loyalty.

The Serslands also owe the Von Banks a fiduciary duty and a duty of loyalty with regard

to the operation and management of their joint enterprise, MUA-Belize.

48.    The Serslands breached their fiduciary duty and duty of loyalty to MUA-

Belize and the Von Banks by engaging in acts of self-dealing including, but not limited

to, diverting funds intended for the use of MUA-Belize. MUA-Belize and the Von Banks

have suffered damage as a result of the Serslands breaches of duty to them.

49.    The Von Banks bring this claim derivatively, on behalf of MUA-Belize

for a breach of fiduciary duty to it, and directly for breach of fiduciary duty to them.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award damages in their favor on behalf of MUA-Belize and against the Defendants Jeffrey and Renae Sersland, in the amount determined by this Court for breach of fiduciary duty to MUA-Belize and to them.

## COUNT IV
### v. the Serslands
### FRAUD AND MISREPRESENTATION

50.    The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45 and 47-49 as if specifically set forth herein.

51.    The Serslands represented to the Von Banks: (a) the purpose of their loan was to assist MUA-Belize to grow, the proceeds from MUA-Belize being the principal manner in which the Serslands could repay the loan; and (b) the equity position that they would receive as security for their loan would be a 20 percent interest in the entity.

52.    In fact, the Serslands used the loan proceeds to pay personal debt, *inter alia*, and the amount that was not used for personal debt was retained by the Serslands and not used to benefit MUA-Belize.

53.    In fact, the equity position provided to the Von Banks was illusory or worthless because shortly after the conveyance, the Serslands caused the assets or stock in MUA-Belize to be conveyed to a third party, MUAB.

54.    The misrepresentations described herein were material inducements to the Von Bank's decision to provide funding, and the Von Banks relied on those representations in providing the funding. They suffered damages as a result of their reasonable reliance, in the amount of $1.8 million.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award damages in their favor on behalf of MUA-Belize and against the Defendants Jeffrey and Renae Sersland, in the amount of \$1.8 million for fraud and misrepresentation.

## COUNT V
## v. NORMAN HANS RECHSTEINER
### Derivatively
### CONVERSION

55. The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45, 47-49 and 51-54 as if specifically set forth herein.

56. Rechsteiner, with full knowledge, assisted the Serslands in conveying substantially all of the assets, or all of the stock, of MUA-Belize to a corporation owned, in part, by him, without consideration of MUA-Belize.

57. Reschsteiner intended that MUA-Belize forever be denied the rights of ownership, use and enjoyment of its assets.

58. MUA-Belize, and its shareholders, suffered harm because its assets were taken from it without consideration.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award damages in their favor on behalf of MUA-Belize and against the Defendant Norman Rechsteiner for conversion in an amount this Court may deem just.

## COUNT VI
## v. DAVID GILL
### Derivatively
### CONVERSION

59. The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45, 47-49, 51-54 and 56-58 as if specifically set forth herein.

60. Gill, with full knowledge, assisted the Serslands and Rechsteiner in conveying substantially all of the assets, or all of the stock, of MUA-Belize to a corporation that, after assignment from the Serslands, was owned, in part, by him, without consideration of MUA-Belize.

61. Gill intended that MUA-Belize forever be denied the rights of ownership, use and enjoyment of its assets.

62. MUA-Belize, and its shareholders, suffered harm because its assets were taken from it without consideration.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award damages in their favor on behalf of MUA-Belize and against the Defendant David Gill for conversion in an amount this Court may deem just.

## COUNT VII
## v. MQT and J. SERSLAND
## FRAUDULENT CONVEYANCE

63. The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45, 47-49, 51-54, 56-58 and 60-62 as if specifically set forth herein.

64. On June 1, 2004, when J. Sersland was in debt to the Von Banks, Sersland created the Sersland Settlement Trust, with MQT acting as Trustee. MQT is a corporation under the control of J. Sersland..

65. Sersland created MQT, and MQT accepted assets from Sersland as trustee as a vehicle to knowingly hide assets from current creditors.

66. The Von Banks were harmed when Sersland created a vehicle to hide his assets from creditors and when he did not pay his credit obligations.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court award unwind and rescind the conveyance of assets from the Serslands to MQT and award damages to the Von Banks in an amount they may deem just.

## COUNT VIII
## v. MUAB, RECHSTEINER and J. SERSLAND
## BREACH OF FIDUCIARY DUTY FOR ULTRA VIRES ACTS
## AND FRAUDULENT CONVEYANCE

67.    The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45, 47-49, 51-54, 56-58, 60-62 and 64-66 as if specifically set forth herein.

68.    On May 2, 2006, when J. Sersland was in debt to the Von Banks, which debt was secured by assets of MUA-Belize, Sersland joined with Rechsteiner and created Medquest Technologies, LLC.  Sersland immediately caused MUA-Belize to convey all of its assets or stock to Medquest Technologies, LLC, without the notice, authority or consent of the shareholders of MUA-Belize.

69.    MUA-Belize received no consideration for the sale of its assets or stock to Medquest Technologies, LLC.

70.    The conveyance of the assets of MUA-Belize was to avoid satisfaction of MUA-Belize's obligation to the Von Banks, and to divest MUA-Belize of its assets, prior to satisfying any obligation to the Von Banks.

71.    At the time of the conveyance, the Serslands owed a fiduciary duty of loyalty to the Von Banks as co-shareholders in a closely held corporation.

72.    At the time of the conveyance, Medquest Technologies, LLC and its owner/registered agent Rechsteiner, knew or should have known that the sale was

without authority of MUA-Belize and against the interest of the Von Banks, which information would have been revealed by a review of the corporation's Articles of Associate and ownership records, which were recorded with the government of Belize.

73. The Serslands created Medquest Technologies, LLC and accepted assets from MUA-Belize as a vehicle to knowingly hide assets from current creditors, with the knowledge of Medquest Technologies, LLC and Rechsteiner.

74. The Von Banks were harmed when Sersland created a vehicle to hide MUA-Belize's assets from creditors and divest its shareholders of rights to manage the business.

WHEREFORE, the Plaintiffs, Peter and Katherine Von Bank, respectfully request this Court unwind and rescind the sale of MUA-Belize to MUAB, and award damages to the Von Banks in an amount that this Court may deem just.

## COUNT IX
## v. MUA-BELIZE and MUAB
## Derivitively
## FOR A DECLARATORY JUDGMENT

75. The Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1-39, 41-42, 44-45, 47-49, 51-54, 56-58, 60-62, 64-66 and 68-74 as if specifically set forth herein.

76. The Plaintiffs, together with Fredrick and Jeffers, have complied with all rules and regulations of the Articles of Association of MUA-Belize, as well as the corporate laws of Belize, in calling an Extraordinary General Meeting, in voting out of office the Board, and replacing the Board with a New Board.

77.    The former Board has refuse to recognize the authority of the shareholders
to replace the Board, and has refused the demands of the New Board to turn over the
books, records and operation of the business so they may manage the business.

78.    A current controversy exists concerning the management of the company.
If this issue is not promptly resolved, either the business will not be managed properly,
and/or the Plaintiffs will be barred from their right to overtake management.

79.    In the alternative, a current controversy exists with respect to whether the
ownership of the business operated by MUA-Belize has been validly transferred to
MUAB, or if the transfer may be rescinded as a fraudulent transfer.

WHEREFORE, the PLAINTIFFS seek a Declaratory Judgment from this Court,
determining the rights of the Plaintiffs to call an Extraordinary General Meeting, after
providing notice to the Defendants, and to replace the old Board with a New Board, and
to determine the rights of the New Board to manage the business. Moreover, the
PLAINTIFFS seek a declaratory judgment rescinding any conveyance of assets of MUA-
Belize to MUAB as a fraudulent transfer without consideration.

## COUNT X
## v. SERSLANDS, RECHSTEINER AND GILL
## CONSPIRACY

75.    The Plaintiffs repeat and incorporate by reference the allegations of
Paragraphs 1-39, 41-42, 44-45, 47-49, 51-54, 56-58, 60-62, 64-66. 68-74 and 76-79 as if
specifically set forth herein.

76.    The Defendants had a common design or an agreement to misappropriate
the Von Bank's funds by convincing them to loan money to the Serslands in exchange for

an ownership interest in a business, and then immediately conveying the assets that could be used to repay or secure their loan to third-party entities they controlled.

77.     The Defendants misappropriated the Von Bank's funds by accepting the Von Banks money and providing security for the loan, and then immediately conveying the assets that were used to secure their loan to third-party entities controlled by themselves.

78.     The Von Banks sustained harm as a result of the activities of the Defendants, because they have no means of repaying the loan or collecting against security.

## **JURY DEMAND**

The Plaintiffs, Peter and Katherine Von Bank, hereby demand a jury upon all counts.

## **PRAYERS FOR RELIEF**

1.     On Counts I and II of the Verified Complaint, award damages in favor of the Plaintiffs and against the Serslands in an amount this Court deems just, but no less than one million eight hundred thousand dollars ($1,800,000.00) for Breach of Contract and Moneys Due and Owing.

2.     On Count III of the Verified Complaint, award damages in favor of the Plaintiffs and against the Serslands in an amount this Court deems just, for the Serslands breach of fiduciary duty and duty of loyalty.

3.    On Count IV of the Verified Complaint, award damages in favor of the Plaintiffs and against the Serslands in the amount of one-million eight-hundred thousand dollars ($1,800,000.00) against the Serslands for fraud and misrepresentation.

4.    On Count V of the Verified Complaint, award damages in favor of MUA-Belize and against Norman Rechsteiner in an amount this Court deems just, for Gill's conversion.

5.    On Count VI of the Verified Complaint, award damages in favor of MÛA-Belize and against David Gill in an amount this Court deems just, for Gill's conversion of assets of the corporation.

6.    On Count VII of the Verified Complaint, unwind the conveyance of assets by the Serslands to MQT and award damages in favor of the Plaintiff and against J. Sersland and MQT in an amount this Court deems just, for fraudulent conveyance.

7.    On Count VIII of the Verified Complaint, unwind the conveyance of assets by the Serslands to MUAB and its owner/registered agent Reschsteiner and award damages in favor of the Plaintiff and against J. Sersland and MQT in an amount this Court deems just, for fraudulent conveyance.

8.    On Count IX of the Verified Complaint, issue a Declaratory Judgment determining the rights of the Plaintiff to call an Extraordinary General Meeting, to terminate the offices of the Board of Directors, to elect a new Board of Directors, and to manage MUA-Belize.

9.    On Count X, issue judgment against the Serslands, Rechsteiner and Gill in favor of the Von Banks for conspiracy in the amount of $1.8 million, plus costs of this litigation.

10.     After hearing, issue a Preliminary Injunction against the Defendants, enjoining them from taking any management role in the operation of the business owned by MUA-Belize, and to unwind the transfer of assets of MUA-Belize to MUAB, unless approved by the shareholders of MUA-B as provided by the Articles of Association and the corporate laws of Belize.

11.     After hearing, issue a Preliminary Injunction against the Serslands, UMAB, Gill, Reschsteiner and MUA-Belize, enjoining them from spending, transferring, alienating, conveying or using in any way any proceeds of any sale of assets or equity in MUA-Belize, in any organization it may be formed, to the amount of $1.8 million, and instead holding those assets so they may be used to satisfy any judgment awarded by this Court.

12.     After hearing, issue a Preliminary Injunction against the Serslands and MUA-Belize, enjoining them from spending, transferring, alienating, conveying or using in any way any proceeds of any settlement or judgment in any lawsuit filed in the Cayman Islands, or any other jurisdiction, to the amount of $1.8 million, and instead holding those assets so they may be used to satisfy any judgment awarded by this Court.

13.     Award costs of this lawsuit, including reasonable attorneys' fees.

                                        Respectfully submitted,
                                        Peter and Katherine Von Bank,
                                        By their Attorney,

                                        Kenneth I. Gordon, BBO# 556762
                                        63 Chatham Street
                                        Boston, MA 02109
Dated: July 21, 2007                    (617) 742-4602

## VERIFICATION

We, Peter and Kathy Von Bank, have read this Verified Complaint in its twenty (20) pages, including this page, and we certify under pains and penalties of perjury that all allegations for which we have pled on first-hand knowledge are true and correct and that all allegations that we have pled on information and believe are true, to the best of our information and belief.

Peter Von Bank

Katherine Von Bank

Dear Mr. Gordon:

Your recent letter was thought provoking.

Here are some reactions to it.

- You have provided no persuasive evidence of the legitimacy of the claims of either your client or the other referenced party to equity positions in MUA-Belize.
- You do appear to have provided evidence of a loan made to your client, and it is understandable that your client would seek acquittal of this obligation.
- To the extent that I may have been, or may wish to become, involved in stabilizing, credentializing and making successful the enterprise, it would be my goal to honor and acquit all legitimate claims to financial or other considerations made by past----current contributors to the enterprise. I have a reputation as a very honorable person in all my endeavors, and have no intention of changing.
- Not withstanding the relative legitimacy of your client's claim, I am not currently in a position to respond in the affirmative to her offer to purchase putative equity position. This situation may change at any time, however.
- Not withstanding the above, it occurs to me that the surest way for your client to have her claim satisfied — whether or not a "stock" issue is involved – is for the enterprise to stabilize and become profitable.
- Failing such stabilization and profitability, it seems axiomatic that your client and many others stand to end up with nothing to show for their contributions to the cause.
- Unless your client has a new investor with very deep pockets, I would submit that any "precipitous action on her part with regard to the enterprise would only serve to destabilize it further, effectively mooting any prospect of its stabilizing and prospering---and with it the most likely potential source of satisfaction of her claim.
- Conversely, I would suggest that any support on your client's part of my own efforts would ultimately be in her own best interests.
- As a post script---perhaps to be filed under the "Be Careful What You Wish For" heading---I would observe that your client's assertion of a management responsibility position of the enterprise would appear to catapult directly into the "crosshairs" of any other aggrieved party (and I understand there to be several) seeking satisfaction of an unresolved claim against the enterprise.

Yours sincerely,
Dave H. Gill, M.D.

*David N. Gill, M.D./NT*