UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER and KATHERINE VONBANK,<br>    Plaintiffs<br><br>V.<br><br>JEFFREY and RENAE SERSLAND; DAVID GILL; MEDICAL UNIVERSITY OF THE AMERICAS; BELIZE, LP; MED QUEST TECHNOLOGIES, LP, TRUSTEE; SERSLAND SETTLEMENT TRUST; MEDICAL UNIVERSITY OF THE AMERICAS BELIZE, LLC f/k/a MEDQUEST TECHNOLOGIES, LLC and NORMAN HANS RECHSTEINER, MD,<br>    Defendants | **DOCKET NO. 07-40205-FDS** |

## **ANSWER OF DEFENDANT, DAVID GILL**

The defendant, David Gill, answers the allegations contained in the plaintiffs' complaint as follows:

1. Gill denies that the Serslands conveyed their ownership interest in any third-party corporation to Gill or that he was responsible for the day to day operation of the business of that third-party corporation. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Gill admits the allegations contained in paragraph 5.

6. Gill admits the allegations contained in paragraph 6.

7. Gill admits the allegations contained in paragraph 7.

8. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Gill denies the allegations contained in paragraph 24.

25. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.  Further answering, Gill expressly denies that he purchased or otherwise acquired any interest in MUAB.

26. Gill admits his letter of July 18, 2007, but denies plaintiffs' characterization of same.

27. Gill admits receiving correspondence dated April 11, 2007, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27.

28.     Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Gill denies plaintiffs' characterization of his letter of July 18, 2007, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33.     Gill admits his letter of July 18, 2007, but denies plaintiffs' characterization of same.

34.     Gill admits his letter of July 18, 2007, but denies plaintiffs' characterization of same.

35.     Gill admits his letter of July 18, 2007, but denies plaintiffs' characterization of same.

36.     Gill expressly denies that he has ever had possession, custody or control of the referenced books and records and states that he, therefore, could not provide plaintiffs with the opportunity to review them. Gill is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. Gill expressly denies that any action taken by him constituted any sort of threat and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.

38. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1 through 39, as if expressly restated in response to paragraph 40.

41. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39 and 41-42 as if expressly restated, and incorporates them by reference in response to paragraph 43.

44. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39; 41-42 and 44-45, as if expressly restated, and incorporates them by reference in response to paragraph 46.

47. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, and 47-49, as if expressly restated, and incorporates them by reference in response to paragraph 50.

51. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49 and 51-54, as if expressly restated, and incorporates them by reference in response to paragraph 55.

56. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49, and 56-58, as if expressly restated, and incorporates them by reference in response to paragraph 59.

60. Gill denies the allegations contained in paragraph 60.

61. Gill denies the allegations contained in paragraph 61.

62. Gill denies the allegations contained in paragraph 62.

63. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49, 56-58, and 60-62, as if expressly restated, and incorporates them by reference in response to paragraph 63.

64. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49, 56-58, 60-62, and 64-66, as if expressly restated, and incorporates them by reference in response to paragraph 67.

68. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

69. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75. Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49, 56-58, 60-62, 64-66, and 68-74, as if expressly restated, and incorporates them by reference in response to paragraph 75.

76. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78. Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Gill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

75.     Gill incorporates by reference his responses to each of the allegations contained in paragraphs 1-39, 41-42, 44-45, 47-49, 56-58, 60-62, 64-66, and 68-74, as if expressly restated, and incorporates them by reference in response to paragraph 75.

76.     Gill denies the allegations contained in paragraph 76.

77.     Gill denies the allegations contained in paragraph 77.

78.     Gill denies the allegations contained in paragraph 78.

FURTHER ANSWERING, Gill claims the following as affirmative defenses:

### FIRST

Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

### SECOND

The plaintiffs have failed to mitigate, minimize or avoid damages, if any, alleged within their complaint and, accordingly, any recovery should be reduced by the amount of damage resulting from such failure.

### THIRD

The acts or omissions which are alleged to have caused the damages referenced within the complaint were committed by third parties for whose conduct Gill is not legally responsible.

### FOURTH

Plaintiffs assumed the risk of any loss which is the subject of their complaint.

### FIFTH

Plaintiffs lack standing to bring their claims against Gill.

### SIXTH

Gill entered into no coercive agreement to harm the plaintiffs and exercised no peculiar power of coercion over plaintiffs by virtue of any acts of conspiracy undertaken with the co-defendants or any other persons.

### SEVENTH

The plaintiffs' factual contentions asserting claims against him have no evidentiary support as would be apparent upon reasonable inquiry and he is entitled to sanctions as provided under Fed. R. Civ. P. 11.

**WHEREFORE**, the defendant, David Gill, demands that the plaintiffs' complaint against him be dismissed, together with such further relief as is appropriate.

### JURY DEMAND

Defendant, David Gill requests a trial by jury on all claims so triable.

**DAVID GILL**

By his attorney,

/s/ Robert L. Hamer
Robert L. Hamer, Esq.   BBO #218715
Michael P. Murphy, Esq.   BBO #654053
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

I Robert L. Hamer, Esq., hereby certify that on October 5, 2007, I served a copy of the foregoing document upon each party noted below by First-Class United States mail, postage pre-paid, or through the Court's electronic noticing system:

**Kenneth I. Gordon**, Esq., 63 Chatham Street, Boston, MA 02109

Dated: October 5, 2007

/s/ Robert L. Hamer
Robert L. Hamer, Esq.