UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER AND KATHERINE VONBANK ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Civil Action No.: |
| JEFFREY AND RENAE SERSLAND, et al. ) | 07-40205-FDS |
| Defendants ) | |

**MOTION FOR ENTRY OF DEFAULT
AND DISMISSAL OF COUNTERCLAIM
AGAINST DEFENDANT JEFFREY SERSLAND**

The Plaintiffs in this matter respectfully request default upon the Defendant Jeffrey Sersland ("J. Sersland"), and dismissal of all counts of his Counterclaim, pursuant to the provisions of Federal Rules of Civil Procedure, 37.  As reasons therefore, the Plaintiffs state that on January 28, 2008, this Court allowed the Motion of Defense Counsel for J. Sersland to withdraw resulting in J. Sersland's appearance *pro se*, on the condition that J. Sersland share with this Court a contact address, and that he update that address as needed, so that the parties to this matter and the Court may know the location where he may be served. He provided the Court with the address of 47 Partridge Street, Gardner, Massachusetts (See Docket).

On April 28, 2008, the Plaintiffs served J. Sersland with their First Set of Interrogatories.  (Interrogatories attached as Exhibit A). Service was sent, via certified mail, return receipt requested, to Jeffrey Sersland, 47 Partridge Street, Gardner, Massachusetts, the address he provided to the Court. The package was returned, unclaimed.  (See Attached Exhibit B, certified mailing envelope showing unclaimed status).

Based on the foregoing facts, the Plaintiffs suggest that J. Sersland has either left the location at 47 Partridge Street in Gardner, Massachusetts, or he refuses to respond to discovery in this litigation. In either case, J. Sersland is either in violation of this Court's Order that it keep the parties and the Court informed of his whereabouts, or he is in violation of his obligation to respond to discovery in this matter. As this Court may recall, the Plaintiffs objected to the withdrawal of counsel for J. Sersland on the limited basis that they feared that if J. Sersland was to be allowed to proceed *pro se,* he may move from the jurisdiction or otherwise refuse to respond to correspondence, in a way that would prevent the Plaintiffs from serving him. Just such a situation has arisen. In fact, it arose within only a few months of counsel's withdrawal.

While the Plaintiffs would usually file a Motion for an Order to Compel for failing to respond to discovery, and then seek default and dismissal only if the Defendant did not comply with the Court Order, it is obvious that such a procedure will be futile. Neither the Plaintiffs nor the Court has a mechanism to serve such an Order on J. Sersland. Moreover, the Court foresaw such a predicament when it Ordered J. Sersland to keep the Court informed of his whereabouts. His failure to maintain such information is cause enough for this Court to enter default against him, and dismiss his counterclaims.

For the reasons set forth above, the Plaintiffs respectfully request this Court default the defendant Jeffrey Sersland, and dismiss his Counterclaim.

          Respectfully submitted,
          Peter and Katherine Von Bank,
          By their Attorney,

          Kenneth I. Gordon, BBO# 556762
          63 Chatham Street
          Boston, MA 02109
          (617) 742-4602

## CERTIFICATE OF SERVICE

I, Kenneth I. Gordon, certify that I have served David Gill, the only party with a current response in this lawsuit, by the Court's electronic filing system, and I have sent a copy of this motion to the address provided for Jeffrey Sersland by first class mail, postage prepaid, this 17th day of June, 2008.

Kenneth I. Gordon