UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER AND KATHERINE VONBANK )<br>    Plaintiff     )<br>v.             )<br>             )<br>JEFFREY AND RENAE SERSLAND, et al. )<br>    Defendants     ) | Civil Action No.:<br>07-40205-FDS |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT JEFFREY SERSLAND'S AUTOMATIC DISCLOSURES, ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND DEPOSITION OF DARLENE BUTTON**

The Plaintiffs respectfully request an Order compelling the Defendant, Jeffrey Sersland ("J. Sersland") to provide Automatic Disclosures required by Rule 26 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Answers to Interrogatories as required by Fed.R.Civ.P. 33, and Responses to Requests for Production of Documents as required by Fed.R.Civ.P. 34. They also request that Darlene Button, a former employee of Defendant Medical University of the Americas, Belize, LLP be ordered to appear for her Deposition.

**I. Answers to Interrogatories and Requests for Production of Documents**

As reasons therefore, the Plaintiffs state that they served J. Sersland with Interrogatories and Requests for Production of Documents on April 28, 2008. (See Interrogatories and Requests for Production of Documents, a true and accurate copy of which are attached hereto as Exhibits A and B) (the discovery requests will hereinafter be referred to, collectively, as "Requests"). The requests were sent to J. Sersland by certified mail, return receipt requested and were refused or otherwise not accepted. (See Docket No. 34). As a consequence, the Plaintiffs filed a Motion to Dismiss (See Docket

No. 34). On June 18, 2008, the Motion to Dismiss was withdrawn when J. Sersland retained counsel, accepted the discovery requests and provided J. Sersland's promise that disclosures and responses to the Requests would be shortly provided. (See Docket Entry of June 18, 2008).

The Plaintiffs have repeatedly agreed to addition time for responses to the requests, and each time the Defendant's promise has been broken. Eventually, Plaintiffs' counsel wrote to defense counsel on September 10, 2008, requesting a Discovery Conference pursuant to Local Rule 37.1. (See Letter to Defense Counsel, Attached hereto as Exhibit C). The Discovery Conference resulted in a further promise of discovery response and an agreement to an assented Motion to Continue Discovery. The Motion to Extend was filed an allowed, but the promise of discovery responses was once again broken.   Finally, J. Sersland agreed to provide discovery responses no later than October 10, 2008. (See Email from Counsel for J. Sersland, a true and accurate copy is attached as Exhibit D). On October 10, 2008, rather than provide the discovery responses, counsel for J. Sersland requested another extension.[1] While the extension requested was very brief, the Plaintiffs had reached the end of their rope and did not authorized the undersigned to agree to any further extensions.

## II.  **Automatic Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1).**

The Scheduling Conference was held in this matter on June 18, 2008. Automatic Disclosures were therefore due on or before July 2, 2008. (Fed.R.Civ.P. 26(a)(1)(D).

---

[1] It is true that counsel have been engaging in settlement discussions from the time current counsel for J. Sersland was engaged. It is also true that counsel have acted in good faith and have at least attempted to make progress throughout this period. However, it is just as true that plaintiff's counsel has maintained that he must be able to take discovery while at the same time attempting to settle the matter.

Local Rule 26.2(a)).  A party may not initiate discovery before providing Automatic Disclosure required by Fed.R.Civ.P. 26(a)(1).  (Local Rule 26.2(a)).

### III.  Deposition of Darlene Button

The Plaintiffs also noticed the deposition of Darlene Button for June 12, 2006. (See Notice of Deposition, Exhibit E). The Return was served by the Sheriff for Worcester County. (See Executed Subpoena, Exhibit F). The witness did not show for her deposition, and did not inform counsel she would not appear. (See transcript, Exhibit G). The Plaintiffs informed defendants of their intent to seek an Order compelling Ms. Button's appearance at the Rule 37.1 discovery conference. (See Exhibit C).

### IV. Requested Relief and Reasons Therefore

As a result of the fact that the Plaintiffs have been absolutely unable to obtain documents and Automatic Disclosures from J. Sersland, their opportunity to meaningfully depose J. Sersland has been prejudiced.  They cannot prepare for the deposition because they do not have documents that may support, or contradict, J. Sersland's defenses and counterclaims.  They cannot interview or depose witnesses he may choose to call, because they do not know who they are.  J. Sersland should not be rewarded by escaping questions at his deposition because he has not surrendered information that the Plaintiffs have a right to use in examining him.

As a result of the foregoing, the Plaintiffs seek an Order consistent with the following:

    A.   That the Defendant J. Sersland be Ordered to provide Answers to Interrogatories, Responses to Production of Documents and the documents

themselves, within fourteen (14) days of the date of an Order, without Objection;

B. That the Plaintiffs be entitled to depose J. Sersland, and any witness J. Sersland may identify, within 30 (30) days after discovery is provided by J. Sersland, without prejudice to the Plaintiffs' right to seek addition time to take additional depositions if the need should so arise;

C. That J. Sersland may not initiate discovery requests until Automatic Disclosures are provided pursuant to the provisions of Local Rule 26.2(a).

D. That the witness Darlene Button be Ordered to appear for her deposition at a mutually agreeable date and time within thirty (30) days of the date of an Order; and

E. That discovery otherwise close on October 30, 2008, pursuant to this Court's Order of October 2, 2008.

F. The Plaintiffs do not seek an Order of reimbursement of attorneys' fees and costs at this time due only to counsel's good faith attempts to settle this matter. However, this Requests is without prejudice to make such a request in any further motion.

        Respectfully submitted,
        Peter and Katherine Von Bank,
        By their Attorney,

        _____
        Kenneth I. Gordon, BBO# 556762
        63 Chatham Street
         Boston, MA 02109
        (617) 742-4602

**CERTIFICATE PURSUANT TO LOCAL RULE 37.1(b)**

I, Kenneth I. Gordon, certify that I have complied with the provisions of Local Rule 37.1 by requesting a Discovery Conference to narrow issues of dispute, which conference was held via email. The result of the conference was an agreement to an extension for providing discovery, but the Defendant from whom discovery was sought did not comply with the renewed deadline.

Kenneth I. Gordon