UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER AND KATHERINE VONBANK )<br>            Plaintiff                   )<br>v.                                               )<br>                                               )<br>JEFFREY AND RENAE SERSLAND, et al.  )<br>            Defendants               ) | Civil Action No.:<br>07-40205-FDS |

**FIRST SET OF INTERROGATORIES OF PLAINTIFFS TO THE DEFENDANT
JEFFREY SERSLAND.**

Plaintiffs Peter and Katherine Von Bank ("Plaintiffs", the "Von Banks") hereby propound this First Set of Interrogatories upon the Defendant Jeffrey Sersland, who shall serve answers in writing, under oath, within forty-five days of the date of service hereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

The full text of the following definitions and instructions is incorporated by reference into each interrogatory:

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, data kept or stored in electronic and/or computerized form. A draft or non-identical copy is a separate document within the meaning of the term.

2. When referring to a document, "to identify" means to state the:

    (a)    type of document;

    (b)    subject matter;

    (c)    date of the document; and

    (d) author(s), addressee(s), and recipient(s).

 3. The term "person" is defined as any natural person or any business, legal, non-profit or governmental entity or association, including, without limitation, health care providers.

 4. When referring to a person, "to identify" means to state the person's full name, present or last known address, and, when referring to a natural person, present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of the person need be stated in response to subsequent interrogatories requesting the identification of that person.

 5. The term "communication" means any transmission or receipt of information, whether oral or written.

 6. When referring to a communication, "to identify" means to state the:

    (a) type of communication;

    (b) subject matter;

    (c) date of the communication; and

    (d) author(s), addressee(s), and recipient(s).

 7. The term "concerning" means referring or relating to, describing, evidencing and/or constituting.

 8. When an interrogatory calls upon the defendant to "state the basis" of or for a particular claim, assertion, allegation or contention, it shall:

    (a) identify each and every document (and, where pertinent, the section, article or subparagraph thereof) which forms any part of the

source of its knowledge or information concerning the matter referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of its knowledge or information concerning the matter referred to by the interrogatory;

(c) state separately the acts and/or omissions on the part of any person (identifying the acts and/or omissions by stating their nature, time and place and identifying the persons involved) which form any part of its knowledge or information concerning the matter referred to the interrogatory; and

(d) state separately each and every fact which forms the basis of its knowledge or information concerning the matter referred to in the interrogatory.

9. The term "plaintiffs" means the plaintiffs in this action, Peter and Katherine Von Bank, and includes, without limitation, its agents, servants, members, managers, partners, shareholders, officers, directors, employees, attorneys and other persons acting on their behalf, its parents, subsidiaries and affiliates, and all related, controlled, predecessor and successor entities.

10. The term "complaint" means the first amended verified complaint filed in this action on behalf of the plaintiff.

11. The term "Gill" means one of the defendants in this action, David Gill, M.D., and includes, without limitation, his agents, servants, partners, attorneys and other persons acting on his behalf.

12. The term "R. Sersland" means one of the defendants in this action, Renee Sersland, and includes, without limitation, his agents, servants, partners, attorneys and other persons acting on his behalf.

13. The term "MUA-BELIZE, LP" means one of the defendants in this action, Medical University of the Americas, Belize, LP, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

14. The term "MUA-BELIZE, LLC" means one of the defendants in this action, Medical University of the Americas, Belize, LLC, f/k/a Medquest Technologies, LLC, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

15. The term "MEDQUEST" means one of the defendants in this action, Medquest Technologies, LP, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

16. The term "MUA-BELIZE" means the business operated by the defendants, or any of them, as well as the corporate entity responsible for the operation of the business.

17. The term "Defendants" means any or all of the defendants in this action.

18. The term "Defendant" in the singular, as well as the term "you" or "your" means and refers to the Defendant, Jeffrey Sersland, as well as his agents, servants, partners, attorneys and other persons acting on your behalf.

## TIME FRAME

Unless otherwise stated, the time frame of these interrogatories is from January 1, 2006 to the Present

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify the person signing the answers to these interrogatories.

### INTERROGATORY NO. 2

Please identify each person who assisted in preparing any of the answers to these interrogatories, and, following the identity of each such person, state the number of each interrogatory for which that person provided assistance.

### INTERROGATORY NO. 3

To the extent you do not have possession, custody or control of any documents and/or things called for in the Von Banks' first request for production of documents in this action, please identify all such documents and things; state the location or locations at which they are being kept; state whether any inventory or index thereof has been prepared; and state whether any information concerning them has been entered into any computer system which permits storage and retrieval of such information.

### INTERROGATORY NO. 4

Please identify each person expected to be called as an expert witness on behalf of the defendant at the trial of this action, and, with respect to each such expert, state the subject matter on which he or she is expected to testify, the substance of the facts and

opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**INTERROGATORY NO. 5**

Please identify each expert, including his or her professional background and occupation, not expected to be called as a witness on behalf of the plaintiff at the trial of this action, but who has been retained or specially employed in anticipation of the instant litigation or in preparation for the trial of this action.

**INTERROGATORY NO. 6**

Please identify each person expected to be called as a witness on behalf of the defendant J. Sersland at the trial of this action.

**INTERROGATORY NO. 7**

Please identify each person with knowledge and/or information concerning the subject matter of this action and/or the allegations and defenses made in the Answer to the Complaint.

**INTERROGATORY No. 8:**

Please identify any and all Promissory Notes given to the Plaintiffs in this action.

**INTERROGATORY No. 9:**

Did you make payments against any Promissory Note identified in your Answer to Interrogatory No. 8? Unless your answer is an unqualified "No", please identify the amount of the payment, the date of the payment, the address where the payment was sent, any evidence the payment was received, and the form of the payment. If the payment was made in kind, please explain the nature of the consideration.

**INTERROGATORY No. 10**

Did any third party make payments against any Promissory Note on your behalf, as identified in your Answer to Interrogatory No. 8? Unless your answer is an unqualified "No", please identify the amount of the payment, the date of the payment, the address where the payment was sent, any evidence the payment was received, and the form of the payment.  If the payment was made in kind, please explain the nature of the consideration.

**INTERROGATORY No. 11:**

Please identify all consideration provided by you, whether in cash or in kind, for the Julia Gardens project.

**INTERROGATORY No. 12:**

Please provide any information you have concerning the method that cadavers arrived at MUA-Belize, as identified in your Counterclaim.

**INTERROGATORY No. 13:**

Please identify the number of hours you spent at MUA-Belize's Belize location from January 1, 2006 through the present.  Please include a general description of your duties for the business, and the amount you were paid.

**INTERROGATORY No. 14:**

Please identify the number of hours you spent at MUA-Belize, LLC's Gardner, Massachusetts location from January 1, 2007 through the present. Please include a general description of your duties for the business, and the amount you were paid.

**INTERROGATORY No. 15:**

Please identify the dates of all shareholders meetings for MUA-BELIZE LP and MUA-BELIZE LLC, and please identify any and all business conducted at the meeting.

**INTERROGATORY No. 16:**

Please identify the number of students currently enrolled at MUA-Belize, including students involved in the school's clinical program. Please include a break-down of the programs in which these students are enrolled.

**INTERROGATORY No. 17:**

Please provide a detailed list of damages as a result of any conduct described in your Counterclaim.

**INTERROGATORY No. 18:**

Please describe your understanding of the ownership interest, if any, of the Plaintiffs in any of the corporate defendants in this action.

**INTERROGATORY No. 19:**

Please describe your understanding of the ownership interest, if any, of David Fredrick in any of the corporate defendants in this action.

**INTERROGATORY No. 20:**

Please describe your understanding of the ownership interest, if any, of Timothy Jeffers or his wife in any of the corporate defendants in this action.

**INTERROGATORY No. 21:**

Is MUA-Belize, including any corporate entity that operates MUA-Belize, current on all financial obligations to third-parties except the alleged debt in this action?  Unless your answer is in the unqualified negative, please identify the name of the party to whom MUA-Belize is obligated, the amount of the obligation, the nature of the obligation, and the nature (delinquency amount and length of time delinquent) of the arrearage.

**INTERROGATORY NO. 22:**

List any and all judgments issued for or against any corporate defendant in this matter.

Respectfully submitted,
Peter and Katherine Von Bank,
By their Attorney,

Kenneth I. Gordon, BBO# 556762
63 Chatham Street
Boston, MA 02109
(617) 742-4602

**CERTIFICATE OF SERVICE**

I, Kenneth I. Gordon, hereby certify that I have served a copy of this First Set of Interrogatories upon Robert Hammer, Esq., by the Court's electronic filing system, and upon Jeffrey Sersland, pro se, by first class mail, postage prepaid this 28th day of April, 2008.

Kenneth I. Gordon