UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER AND KATHERINE VONBANK )
          Plaintiff )
v. )
    ) Civil Action No.:
JEFFREY AND RENAE SERSLAND, et al. ) 07-40205-FDS
          Defendants )

**PLAINIFFS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS DIRECTED TO JEFFREY SERSLAND**

Plaintiffs, Peter and Katherine Von Bank, request that the Defendant Jeffrey Sersland, produce the documents and things specified herein for inspection, testing, photography and/or copying by Plaintiffs' representatives at the offices of Kenneth I. Gordon, 63 Chatham Street, Boston, Massachusetts 02109, within thirty days of the date of service of this request, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

The full text of the following definitions and instructions is incorporated by reference into each request:

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure and specifically includes, without limitation, data kept or stored in electronic and/or computerized form. A draft or non-identical copy is a separate document within the meaning of the term.

2. The term "person" means any natural person or any business, legal or governmental entity or association.

3. The term "communication" means any transmission or receipt of information, whether oral or written.

4. The term "concerning" means referring or relating to, describing, evidencing and/or constituting.

5. The term "plaintiffs" means the plaintiffs in this action, Peter and Katherine Von Bank, and includes, without limitation, its agents, servants, members, managers, partners, shareholders, officers, directors, employees, attorneys and other persons acting on their behalf, its parents, subsidiaries and affiliates, and all related, controlled, predecessor and successor entities.

6. The term "complaint" means the first amended verified complaint filed in this action on behalf of the plaintiff.

7. The term "Gill" means one of the defendants in this action, David Gill, M.D., and includes, without limitation, his agents, servants, partners, attorneys and other persons acting on his behalf.

8. The term "R. Sersland" means one of the defendants in this action, Renee Serland, and includes, without limitation, her agents, servants, partners, attorneys and other persons acting on his behalf.

9. The term "MUA-BELIZE, LP" means one of the defendants in this action, Medical University of the Americas, Belize, LP, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

10. The term "MUA-BELIZE, LLC" means one of the defendants in this action, Medical University of the Americas, Belize, LLC, f/k/a Medquest Technologies, LLC, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

11. The term "MEDQUEST" means one of the defendants in this action, Medquest Technologies, LP, and includes, without limitation, its officers, directors, employees, shareholders, agents, servants, partners, attorneys and other persons acting on its behalf.

12. The term "MUA-BELIZE" means the business operated by the defendants, or any of them, as well as the corporate entity responsible for the operation of the business.

13. The term "Defendants" means any or all of the defendants in this action.

14. The term "Defendant" in the singular, as well as the term "you" or "your" means and refers to the Defendant, Jeffrey Sersland, as well as his agents, servants, partners, attorneys and other persons acting on your behalf.

If the defendants contend that any of the documents described and requested herein is within the scope of any privilege or constitutes protected work product, or is otherwise not within the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of each such document, including the date of the document, the identity of each person who prepared it, the identity of each person to whom it is addressed, the identity of each person who received a copy of it, and the ground or grounds upon which it is being withheld from production.

This request covers documents and things in the possession, custody and/or control of the plaintiff and/or of its agents, representatives, attorneys and/or anyone now or formerly acting on its behalf in any manner or capacity whatsoever.

**TIME FRAME**

Unless otherwise stated, the time frame of these interrogatories is from January 1, 2006 to the Present.

**REQUESTS**

**REQUEST NO. 1**

All work product and other documents concerning the provision of services by J. Sersland to any of the Defendants.

**REQUEST NO. 2**

The Promissory Note given to the Plaintiffs.

**REQUEST No. 3:**

Any documents referring or reflecting to payment, in whole or in part, against the Promissory Note.

**REQUEST No. 4:**

Any and all correspondence between you and the Von Banks.

**REQUEST NO. 5:**

Any and all documents that support your position that David Fredrick does not possess an ownership interest in MUA-Belize, or any of its corporate entities.

**REQUEST No. 6:**

All financial books and records of MUA-Belize.

**REQUEST No. 7:**

All records that reflect your involvement with MUA-Belize, including investments or loans to MUA-Belize or any of its corporate entities, or payments from MUA-Belize, or any of its corporate entities.

**REQUEST No. 8:**

All documents that reflect damage you claim in your Counterclaim.

**REQUEST NO. 9**

All documents concerning any defense any of the defendants may raise in this action.

**REQUEST NO.10**

All documents identifying persons who may have knowledge and/or information concerning matters at issue in this action.

**REQUEST NO. 11**

All written statements, signed or unsigned, and all transcriptions of statements of any person taken on a recording device or by any other means concerning matters at issue herein.

**REQUEST NO. 12**

All documents the defendant intends to offer in evidence at the trial of this action.

**REQUEST NO. 13**

All resumes and curricula vitae of experts the defendants have retained, consulted and/or employed concerning this action.  All reports prepared by each such expert.

**REQUEST NO. 14**

All documents the defendants have furnished to expert(s) it has retained, consulted and/or employed concerning this action.

**REQUEST NO. 15**

All documents concerning communications between the defendant(s), or any of them, and any other person concerning matters at issue in this action.

**REQUEST NO. 16**

All reports and bank statements for MUA-Belize or any of its corporate entities.

**REQUEST NO. 17**

All tax returns and related documents for MUA-Belize or any of its corporate entities.

**REQUEST No. 18:**

All documents that refer or relate in any way to David Fredrick.

**REQUEST NO. 19:**

All documents that refer or relate in any way to Norman Hans Rechsteiner.

**REQUEST NO. 20:**

All documents that refer or relate in any way to the Von Banks, or either of them.

**REQUEST NO. 21:**

All documents that refer or relate in any way to Julia Gardens.

**REQUEST NO. 22:**

All documents that refer or relate in any way to Wendy Rechsteiner.

**REQUEST No. 23:**

All documents that refer or relate in any way to judgments rendered for or against any of the corporate defendants in this action.

                The Plaintiffs
                Peter and Katherine Von Bank,
                By their attorney,

                Kenneth I. Gordon, BBO# 556762
                Gordon Law Office
                63 Chatham Street
                Boston, MA 02109

Dated: April 28, 2008

**CERTIFICATE OF SERVICE**

I, Kenneth I. Gordon, hereby certify that I have served a copy of this First Request for Production of Documents upon Robert Hammer, Esq., by the Court's electronic filing system, and upon Jeffrey Sersland, *pro se*, by first class mail, postage prepaid this 28th day of April, 2008.

                Kenneth I. Gordon