UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER AND KATHERINE VONBANK    )
          Plaintiff            )
v.                                                           )
                                                  )  Civil Action No.:
JEFFREY AND RENAE SERSLAND, et al.   )  07-40205-FDS
          Defendants         )

**PARTIAL WITHDRAWAL OF
PLAINTIFFS' MOTION TO COMPEL DEFENDANT JEFFREY SERSLAND'S
AUTOMATIC DISCLOSURES, ANSWERS TO INTERROGATORIES
AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS
AND DEPOSITION OF DARLENE BUTTON**

The Plaintiffs respectfully withdraw, in part, their request an Order compelling the Defendant, Jeffrey Sersland ("J. Sersland") to provide Automatic Disclosures required by Rule 26 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Answers to Interrogatories as required by Fed.R.Civ.P. 33, and Responses to Requests for Production of Documents as required by Fed.R.Civ.P. 34. The reason for this partial withdrawal is that certain discovery responses have been received since the filing of the Motion to Compel, but some have not.

**I. Portion of Motion to Compel Withdrawn**

Since the filing of the Motion to Compel, the following responses have been received and therefore no request to Compel is made with respect to these documents:

    A. Rule 26 Initial Disclosures;

    B. Answers to Interrogatories; and

    C. Responses to Requests for Production of Documents.

## II. Portion of Motion to Compel Remaining

    A. Documents to be Produced in Response to Request to Production of Documents; and

    B. Deposition of Darlene Button.

## III. Requests for Production of Documents

The Plaintiffs served J. Sersland with Requests for Production of Documents on April 28, 2008. (See Requests for Production of Documents, a true and accurate copy of which are attached to the Motion to Compel as Exhibit B). Responses to the Requests were received on October 16, 2008, almost five months late and after the filing of the motion to compel. Certain extension periods were agreed to after appearance of counsel, but no responsive pleading was served within any such extension period. No documents were produced by J. Sersland. Responses to Requests No. 2, 5, 6 and 17 identify responsive documents, but apparently indicate a lack of an ability to produce the documents because they are located in Belize. Certainly, J. Sersland could have found time in the six months since the discovery requests were served to obtain the documents located in Belize. Responses to Requests Nos. 4, 7, 8-17, 20, 21. promise current production of documents. No such documents were produced. The Plaintiffs request an Order compelling the Defendant J. Sersland to produce the responsive documents no later than October 27, 2008.

## IV. Deposition of Darlene Button

The Plaintiffs also noticed the deposition of Darlene Button for June 12, 2006. (See Notice of Deposition attached to Motion to Compel, Exhibit E). The Return was served by the Sheriff for Worcester County. (See Executed Subpoena, attached to Motion

to Compel as Exhibit F). The witness did not show for her deposition, and did not inform counsel she would not appear. (See transcript, attached to Motion to Compel as Exhibit G). The Plaintiffs informed defendants of their intent to seek an Order compelling Ms. Button's appearance at the Rule 37.1 discovery conference. (See Motion to Compel, Exhibit C).

### V. Revised Request for Relief

As a result of the foregoing, the Plaintiffs seek an Order consistent with the following:

A.  That the Defendant J. Sersland be Ordered to provide responsive documents by October 27, 2008; and

B.  That the witness Darlene Button be Ordered to appear for her deposition at a mutually agreeable date and time within thirty (30) days of the date of an Order.

Respectfully submitted,
Peter and Katherine Von Bank,
By their Attorney,

Kenneth I. Gordon, BBO# 556762
63 Chatham Street
 Boston, MA 02109
(617) 742-4602

### CERTIFICATE PURSUANT TO LOCAL RULE 37.1(b)

I, Kenneth I. Gordon, certify that I have complied with the provisions of Local Rule 37.1 by requesting a Discovery Conference to narrow issues of dispute, because I conducted numerous conversation with counsel for J. Sersland, resulting in the production of certain discovery responses, but not others.

Kenneth I. Gordon